IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENTERTAINMENT ONE UK LTD., <br><br> Plaintiff, <br><br> v. <br><br> 2012SHILIANG, et al., <br><br> Defendants. | Case No. 18-cv-04461 <br><br> **Judge Harry D. Leinenweber** <br><br> **Magistrate Judge Mary M. Rowland** |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, A STATUTORY DAMAGES AWARD AND RESPONSE TO DEFENDANTS' MOTIONS TO TERMINATE PRELIMINARY INJUNCTION**

Pursuant to Local Rule 56.1(a)(3), Plaintiff Entertainment One UK Ltd. ("eOne" or "Plaintiff") submits this Statement of Material Facts in support of its Motion for Summary Judgment, a Statutory Damages Award against Defendants 6guys9 and luckyjerryxiang ("Defendants"), and Response to Defendant's Motions to Terminate Preliminary Injunction.

**UNDISPUTED MATERIAL FACTS**

**Parties, Jurisdiction and Venue**

1. eOne is a limited company having its principal place of business in the United Kingdom. Declaration of Naill Trainor (the "Trainor Declaration") at ¶ 3.

2. eOne is a global independent studio that specializes in the development, acquisition, production, financing, distribution and sales of entertainment content. Trainor Declaration at ¶ 4. eOne's diversified expertise spans across film, television and music production and sales, family programming, merchandising and licensing, and digital content. *Id*.

3. Peppa Pig is a preschool animated television series directed and produced by Astley Baker Davies in association with eOne. Trainor Declaration ¶ 5.

4. Defendant 6guys9 is an ebay store located at the URL ebay.com/usr/6guys9. Defendant 6guys9 is owned and operated by HaiJie Lin, who is located in and operates from within the People's Republic of China. Defendant 6guys9's Response to Plaintiff's Interrogatory No. 1 (Exhibit 5 To Declaration of Allyson Martin (the "Martin Declaration")).

5. Defendant luckyjerryxiang is an ebay store located at the URL ebay.com/usr/luckyjerryxiang. Defendant luckyjerryxiang is owned and operated by Jian Feng, who is located in and operates from within the People's Republic of China. Defendant luckyjerryxiang's Response to Plaintiff's Interrogatory No. 1 (Exhibit 5 To Declaration of Allyson Martin (the "Martin Declaration")).

6. eOne filed suit against Defendants on June 27, 2018, charging trademark infringement and counterfeiting of eOne's registered PEPPA PIG Trademark. [1]. On October 9, 2018, Defendants filed Answers. [69], [72].

7. This Court entered a Temporary Restraining Order ("TRO") [24] against Defendants on July 10, 2018, finding that eOne demonstrated, among other things, a likelihood of success on its claims. The TRO was extended on July 24, 2018 [31] and converted to a Preliminary Injunction [39] on August 7, 2018. The Preliminary Injunction remains in effect.

8. Defendants filed Motions to Set Aside Default Judgment on October 9, 2018, before the Final Judgment Order was entered against Defendants, and after filing their Answers. [70, 73]. Defendants then filed Motions to Terminate the Preliminary Injunction on November 20, 2018. [78, 79].

9. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et* seq, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. [69] at Answer to ¶ 1, [72] at Answer to ¶ 1. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. [69] at Answer to ¶ 1, [72] at Answer to ¶ 1.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since they directly target business activities toward consumers in the United States, including Illinois, through their eBay Internet stores. [69] at Answer to ¶ 2, [72] at Answer to ¶ 2. Specifically, Defendants are reaching out to do business with Illinois residents by operating commercial, interactive Internet stores through which Defendants offered for sale and sold products using counterfeit versions of PEPPA PIG Trademark to Illinois residents (collectively, the "Counterfeit Peppa Pig Products"). [69] at Answer to ¶ 2, [72] at Answer to ¶ 2; Trainor Declaration at ¶¶ 19-24. Defendants stood ready, willing and able to ship products using counterfeit versions of the PEPPA PIG Trademark to customers in Illinois, and in fact did sell and ship products using counterfeit versions of the PEPPA PIG Trademark to Illinois. [69] at Answer to ¶ 1, [72] at Answer to ¶ 1; Trainor Declaration at ¶¶ 19-24.

**Genuine Peppa Pig Products**

11. Peppa Pig originally aired in May 2004 and re-premiered in February 2015. Trainor Declaration at ¶ 5. Since 2015, four seasons have been aired, with a fifth airing. *Id*. With over 1000 licensees around the world, Peppa Pig is a top performing global preschool property that has

been translated into over 40 languages and broadcast in over 180 territories. *Id*. Peppa Pig has won three British Academy of Film and Television Arts or BAFTA Awards for pre-school animation. *Id*. Peppa Pig currently has a pipeline of new episodes, and will be delivering fresh content through the end of 2021. *Id*.

12. In addition to episode DVDs, a variety of licensed Peppa Pig Products are available, including video games and other toys such as playsets, playing cards, vehicles, and stuffed toys, household items such as kitchen utensils, bathroom products, and bed linens, food, drinks, clothing, and jewelry (collectively, the "Peppa Pig Products"). Trainor Declaration at ¶ 6.

13. The Peppa Pig brand has become a global success that resonates with children worldwide, and Peppa Pig Products are among the most recognizable in the world. Trainor Declaration at ¶ 7. Peppa Pig Products are distributed and sold to consumers through retailers throughout the United States, including through authorized retailers in Illinois such as Target, Kmart, and Wal-Mart. *Id*.

**The Peppa Pig Trademark**

14. eOne holds U.S. federal trademark registrations for its trademarks, including the below trademark registration (the "PEPPA PIG Trademark"). Trainor Declaration at ¶ 10.

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 4,872,348 | PEPPA PIG | Dec. 22, 2015 | For: Household or kitchen utensils and containers, not of precious metal or coated therewith, namely, pots, pans, pot lids, cups; beverage glassware, goods of porcelain and earthenware, included in this class, namely, pots, pans, lids, cups; mugs, cocktail shakers, butter dishes, lunch boxes, cafetieres, ceramics for household purposes, namely, vases, drinking vessels, bowls, plates and pots, small hand-operated |

| | | | household and kitchen utensils and containers, not of precious metal or coated therewith, namely, skimmers, turners, strainers, graters, sieves, cookware, namely, pots and pans, corkscrews, glass kitchen jars, trays for domestic purposes, dinnerware and tableware, namely, tea services; cups and mugs, tea pots; combs and sponges for household purposes; brushes for washing up; brush-making materials; articles for cleaning purposes, namely, sponges, cloths; steel wool; unworked or semi-worked glass, except glass used in building; all the aforesaid goods included in this class; candle snuffers of precious metal; candlesticks not of precious metal in class 021. |
|---|---|---|---|

15. eOne additionally holds a U.S. federal trademark registration for the below trademark (the "'931 Trademark"). Trainor Declaration at ¶ 10.

| Registration Number | Trademark | Registration Date | Goods and Services |
|---|---|---|---|
| 4,783,931 | | Aug. 4, 2015 | For: Household or kitchen utensils, namely, pots, pans, lids for pots and pans, cups, pot and pan scrapers, rolling pins, spatulas, turners and whisks; household and kitchen containers; beverage glassware; goods of porcelain and earthenware, namely, pots, pans, lids for pots and pans, and cups; mugs; cocktail shakers; butter dishes; lunch boxes; non-electric cafetieres; ceramics for household purposes, namely, vases, vessels, bowls, plates and pots; small hand-operated household and kitchen utensils, namely, skimmers, turners, strainers, graters, sieves; household and kitchen containers; cookware, namely, pots and pans; non-electric cooking utensils, namely, wire baskets; corkscrews; kitchen glass jars; serving trays; dinnerware; cups; tea pots; combs; sponges for household purposes; hair brushes; brushes for washing |

|  |  |  | up; brush-making materials; articles for cleaning purposes; steel wool; unworked or semi-worked glass, except glass used in building; candle snuffers of precious metal; candlesticks not of precious metal; gloves for household purposes; oven cleaning cloths; barbecue mitts in class 021. |
|---|---|---|---|

16. eOne's U.S. Registrations for the above trademarks are valid, subsisting, and in full force and effect. Trainor Declaration at ¶ 11. True and correct copies of the United States Registration Certificates for the above-listed trademarks are attached to the Trainor Declaration as **Exhibit 1**.

17. The above trademarks have been used exclusively and continuously by eOne, and have never been abandoned. Trainor Declaration at ¶ 11.

18. Among consumers and the public, Peppa Pig Products are widely recognized and exclusively associated with high-quality products sourced from eOne and are instantly recognizable as such. Trainor Declaration at ¶ 7.

19. Since the initial launch of the Peppa Pig Products, the above trademarks have been the subject of substantial and continuous marketing and promotion by eOne. Trainor Declaration at ¶ 14. eOne has and continues to market and promote the above trademarks in the industry and to consumers through traditional print media, the official Peppa Pig website (peppapig.com), social media sites, and point of sale material. *Id*.

20. eOne has expended millions of dollars in advertising, promoting and marketing featuring the above trademarks. Trainor Declaration at ¶ 15. Peppa Pig Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs. *Id*. As a result, products bearing the above trademarks are widely recognized and exclusively

associated by consumers, the public, and the trade as being high-quality products sourced from eOne. *Id.*

**eOne's Anti-Counterfeiting Program**

21. eOne has continuously and actively enforced its trademark rights, including filing trademark infringement and counterfeiting lawsuits. *See Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 18-cv-00737 (N.D. Ill. August 7, 2018); *Entertainment One UK Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 18-cv-02958 (N.D. Ill. July 2, 2018); *Entertainment One UK Ltd. v. Guangzhou Bonill Watches Co., Ltd., et al.,* No. 18-cv-07197 (N.D. Ill. October 29, 2018); *Entertainment One UK Ltd. v. Unidentified Entity d/b/a Simon Boli*, No. 18-cv-07806 (N.D. Ill. November 27, 2018). eOne has a worldwide anti-counterfeiting program and regularly investigates suspicious websites and online marketplace listings. Trainor Declaration at ¶ 17. In recent years, eOne has identified hundreds of marketplace listings on platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate. *Id.*

**Defendants' Advertising, Offering for Sale and Sale of Counterfeit Products**

22. Defendant 6guys9 advertised, offered for sale, and sold the product shown in Figure 1 below on Defendant's eBay store 6guys9 (the "6guys9 Product"). Trainor Declaration at ¶¶ 19-20.



**Figure 1 – 6guys9 Product eBay Store Listing**

23. Defendant 6guys9 used the PEPPA PIG Trademark in the title for the above listing of the 6guys9 Product. Trainor Declaration at ¶ 19. Defendant displayed an image for the 6guys9 Product in the listing showing a cookie cutter in the shape of the head of a Peppa Pig character and the '931 Trademark. *Id*.

24. Defendant 6guys9 advertised, offered for sale, and sold the 6guys9 Product for approximately $7.55. Trainor Declaration at ¶ 20.

25. Defendant 6guys9 accepted payment for the 6guys9 Product via PayPal. Trainor Declaration at ¶ 20.

26. Defendant 6guys9 shipped the 6guys9 Product to Illinois. Trainor Declaration at ¶ 20. An image of the 6guys9 Product as received in Illinois is shown below in Figure 2.



**Figure 2 – 6guys9 Product as Received**

27. Defendant luckyjerryxiang advertised, offered for sale, and sold the product shown in Figure 3 below on Defendant's eBay store luckyjerryxiang (the "luckyjerryxiang Product"). Trainor Declaration at ¶ 21.



**Figure 3 – luckyjerryxiang Product eBay Store Listing**

28. Defendant luckyjerryxiang used the PEPPA PIG Trademark in the title for the above listing for the luckyjerryxiang Product. Trainor Declaration at ¶ 21. Defendant displayed

9

an image for the luckyjerryxiang Product in the listing showing a cookie cutter in the shape of the head of a Peppa Pig character and the '931 Trademark. *Id*.

29. Defendant luckyjerryxiang advertised, offered for sale, and sold the luckyjerryxiang Product for approximately $5.00. Trainor Declaration at ¶ 22.

30. Defendant luckyjerryxiang accepted payment for the luckyjerryxiang Product via PayPal. Trainor Declaration at ¶ 22.

31. Defendant luckyjerryxiang shipped the luckyjerryxiang Product to Illinois. Trainor Declaration at ¶ 22. An image of the luckyjerryxiang Product as received in Illinois is shown below in Figure 4.



**Figure 4 – luckyjerryxiang Product as Received**

**Review of Defendants' Counterfeit Products**

32. Since 2013, Niall Trainor has been employed at Entertainment One UK Ltd., where he is currently the Senior Director for Brand Protection. Trainor Declaration at ¶ 2.

33. Niall Trainor is knowledgeable of or has access to business records including, but not limited to, those records concerning eOne's trademarks, copyrights, other intellectual property, sales, on-line sales, advertising, marketing and media coverage. Trainor Declaration at ¶ 2.

34. Plaintiff examined images of the advertised and received 6guys9 Product. Trainor Declaration at ¶¶ 19-20.

35. Niall Trainor examined images of the listing of the luckyjerryxiang Product and the received luckyjerryxiang Product. Trainor Declaration at ¶¶ 21-22.

36. eOne has not licensed or authorized Defendants 6guys9 or luckyjerryxiang to use the PEPPA PIG Trademark. Trainor Declaration at ¶ 23. Defendants are not authorized retailers of genuine Peppa Pig Products. *Id.*

37. Niall Trainor concluded that the 6guys9 Product was not a genuine Peppa Pig Product, and was a counterfeit product. Trainor Declaration at ¶ 24.

38. Niall Trainor concluded that the luckyjerryxiang Product was not a genuine Peppa Pig Product, and was a counterfeit product. Trainor Declaration at ¶ 24.

**The Platform of Defendants' Internet Stores**

39. According to eBay, Inc.'s December 31, 2017 10-K filing, the eBay marketplace had more than 170 million active buyers in 2017. Martin Declaration at ¶ 2.

40. In fiscal year 2017, U.S. government seizures of counterfeit goods totalled more than $1.2 billion based on the manufacturer's suggested retail price (MSRP). Martin Declaration at ¶ 3.

41. China and Hong Kong remained the primary sources of counterfeit and pirated goods seized, accounting for a total estimated MSRP of more than $940 million, or 78 percent of the estimated MSRP value of all seizures. Martin Declaration at ¶ 3.

42. A February 2017 report commissioned by Business Action to Stop Counterfeiting and Piracy (BASCAP) and the International Trademark Association (INTA) entitled *The Economic Impacts of Counterfeiting and Piracy* included findings that counterfeit and pirated products account for an estimated $850 billion in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue, of more than $125 billion every year. Martin Declaration at ¶ 5.

43. The BASCAP figures cited in the preceding paragraph are expected to increase yearly. Martin Declaration at ¶ 5.

**Defendants' Conduct During Discovery**

44. Plaintiff served both Defendants with Plaintiff's First Set of Requests for the Production of Documents and Things, Plaintiff's First set of Interrogatories, and Plaintiff's First Set of Requests for Admissions on November 6, 2018 (collectively, "eOne's Written Discovery Requests"). Martin Declaration at ¶ 6.

45. Defendants served Plaintiff with Responses to eOne's Written Discovery Requests on November 12, 2018. Martin Declaration at ¶ 7.

46. Both Defendants admitted to having 3D printed and "sold the peppa pig head cookie cutter" as shown in the above listings. Martin Declaration at ¶ 8; Exhibit 5 to Martin Declaration.

47. The sales records produced by Defendants did not include sales of any items other than the 6guys9 Product and the luckyjerryxiang Product. Martin Declaration at ¶ 9.

48. The financial records produced by the Defendants consisted of cropped screenshots of account balances, along with separate cropped screenshots showing the email address 1228056238@qq.com as associated with a PayPal account of Defendant 6guys9, and the email

address luckyjohnfeng@gmail.com as associated with a PayPal account of Defendant luckyjerryxiang. Martin Declaration at ¶ 10.

49. To date, Defendants have not produced any images of products sold or listed through Defendants' Internet Stores, aside from images of the 6guys9 Product and the luckyjerryxiang Product. Martin Declaration at ¶ 11.

50. To date, Defendants have not answered whether they operate other stores besides Defendants' Internet Stores. Martin Declaration at ¶ 12. Defendants have not disclosed other websites, whether counterfeit Peppa Pig Products were sold, or the financial account(s) used to complete such transactions. Martin Declaration at ¶ 12.

51. To date, Defendants have only identified the financial accounts associated with the email addresses 1228056238@qq.com and luckyjohnfeng@gmail.com, and have not provided account numbers associated with these addresses. Defendants have not identified any other financial accounts. Martin Declaration at ¶ 13.

52. To date, Defendants have not produced any documents relating to their process for creating listings, the storage and shipment of products, and making and retaining records. Martin Declaration at ¶ 14.

53. To date, Defendants have not produced any documents relating to Defendants' procedures to detect and prevent the sale of counterfeit goods. Martin Declaration at ¶ 15.

**Review of Defendants' PayPal Accounts**

54. Records provided from PayPal to eOne's attorneys at Greer, Burns & Crain, Ltd. indicate that Defendants' PayPal accounts have received approximately a combined $ 102,499.19 USD. Martin Declaration at ¶¶ 16-17. However, only approximately $ 399.55 USD is currently restrained. Martin Declaration at ¶ 17. This information is summarized in the below table.

| Account | Primary Email Address | Balance (July 2018) | Total Amount Sent | Total Amount Received |
|---|---|---|---|---|
| -9372 | 1228056238@qq.com | $ 374.01 USD | $ 15,101.24 USD | $ 28,761.79 USD |
| -9305 | luckyjohnfeng@gmail.com | $ 25.54 USD | $ 28,300.48 USD | $ 73,737.40 USD |
| Total | | $ 399.55 USD | $ 43,401.72 USD | $ 102,499.19 USD |

Dated this 20th day of December 2018.   Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Attorneys for Plaintiff*
*Entertainment One UK Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December 2018, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case, and to Defendants' email addresses 1228056238@qq.com and Luckyjohnfeng@gmail.com.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Attorneys for Plaintiff*
*Entertainment One UK Ltd.*